IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Caroline McKinney Peace, | ) |
|             Plaintiff, | )    Civil Action No. 5:19-cv-00144-TMC |
| vs. | ) |
| Kilolo Kijakazi,[1] Commissioner of Social Security Administration, | )    **ORDER** |
|             Defendant. | ) |

This matter is before the court on Plaintiff Caroline McKinney Peace's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF Nos. 28; 34). Plaintiff seeks an award of attorney's fees in the amount of $12,362.63, which Plaintiff contends represents less than 25% of the back benefits awarded to Plaintiff, the remainder of which is to be paid to other Plaintiff's counsel for work at the administrative level. (ECF No. 28-1 at 1–2). The Commissioner has filed a response informing the court that she does not object to Plaintiff's motion for fees. (ECF No. 30).

Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002), in reviewing a request for attorney's fees under § 406(b), a court must look first to the contingent fee agreement and assess its reasonableness. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted as the defendant in this action. *See also* 42 U.S.C. § 405(g) (providing that action survives regardless of any change in the person acting as the Commissioner of Social Security).

Based upon a review of the petition and these factors, the court finds that an award of $12,362.63 is reasonable. Pursuant to a contingency fee agreement, Plaintiff agreed to pay counsel twenty-five percent (25%) of any past-due benefits. (ECF No. 28-3 at 2). Plaintiff was awarded $73,451.00 in back benefits, (ECF No. 34-1 at 4), and twenty-five percent (25%) of this award, or $18,362.63, was withheld for attorney's fees, *id*. at 3. In compliance with 42 U.S.C. § 406(b)(1)(A), the court finds an award of $12,362.63 does not exceed twenty-five percent (25%) of these past-due benefits. Furthermore, the awarded fee is reasonable given the hours counsel expended working on this matter at the court level. (ECF Nos. 28-1 at 5, 9; 28-2). *See Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Additionally, Plaintiff's counsel achieved a successful result without any unreasonable delay. *See* (ECF No. 20). In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F.Supp.2d 769, 772–73 (W.D. Va. 2003).

Therefore, based on the foregoing, Plaintiff's motion for attorney's fees (ECF No. 28) is **GRANTED**, and Plaintiff is awarded a total of $12,362.63 in attorney's fees.[2]

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

March 24, 2022
Anderson, South Carolina

---

[2] As noted above, "[f]ee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee[,] . . . up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). Plaintiff was previously awarded $4,770.00 in attorney's fees under the EAJA in this action. (ECF No. 22). Accordingly, Plaintiff's counsel is to refund to the Plaintiff the previously ordered EAJA fees of $4,770.00 immediately after he receives the payment of the § 406(b) fees.